UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FRANK WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 14 C 5275 |
| ANTON COLLINS, et. al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Plaintiff Frank Williams ("Williams"), presently in state custody at Lawrence Correctional Center, brings this *pro se* action against Cook County Jail ("CCJ") correctional officers Collins, Richard, Anderson, Aguire, Kniefel, and Carter ("Defendants") under the Civil Rights Act.[1] 42 U.S.C. § 1983. Williams alleges that while he was a pre-trial detainee at the CCJ, Defendants subjected him to unconstitutional conditions of confinement in violation of the Fourteenth Amendment. (R. 9, Compl.)

Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 18, Def.'s Mot.) In their motion, Defendants argue that the Complaint fails to state a claim for relief because: 1) a lack

---

[1] Williams lists each defendant by his or her last name and position at the CCJ in both the body of the Complaint and Section II of civil complaint form dedicated to identification of Defendants. (*See* R. 9, Compl.)

of running water in a detainee's cell is not an objectively serious deprivation under the Constitution; and 2) Williams does not plausibly allege that Defendants acted with deliberate indifference to his conditions of confinement.[2] (*Id.* at 6-7.) For the reasons stated below, the Court denies Defendants' motion to dismiss [Doc. 18]. Defendants are ordered to submit their answer to the Complaint within thirty days of the date of this order. This matter is set for a status hearing on 9/17/2015 at 9:30 a.m.

## BACKGROUND

For purposes of a Rule 12(b)(6) motion, Williams' factual allegations are accepted as true. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation omitted). Williams, previously a pre-trial detainee in the CCJ, was confined to his cell in Tier 2B for twenty-one hours a day. (R. 9, Compl.) On May 15, 2014, Williams reported to correctional officer Collins that the running water in his cell had stopped working. (R. 22, Pl.'s Reply at 2.) Collins told Williams that a work order was put in to fix the plumbing, but he refused to move Williams to another cell. (*Id.*) When Williams asked the "other officers" in Tier 2B, presumably Defendants Richard, Anderson, Aguire, Kniefel, and Carter, to switch cells or to be let out "to get some

---

[2] Defendants also argue that Williams's Reply "attempts to amend or otherwise bolster [the] Complaint by alleging facts not raised in [the] Complaint" and thus should not be considered in the Court's Rule 12(b)(6) assessment. (*See* Def.'s Resp. at 1.) But since "the turmoil concerning civil pleading standards stirred up by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)," the Seventh Circuit has recognized that "a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citations omitted). Accordingly, the Court will consider all of the pleadings to determine whether Williams states a claim plausible on its face.

water," they either "ignored" him or responded "no." (*Id.* at 2-3.) At some point, Collins responded to one of Williams' requests for water by saying that he "shouldn't have done what [he] did to get locked up." (R. 7, Pl.'s Resp at 4.)

On May 21, 2014, the seventh day without water in his cell, Williams filed an emergency grievance. (R. 7, Ex. A, Pl.'s Resp. at 12.) He received a grievance response from the Cook County Sherriff's Office, which said that his facility-repairs request was "referred" on May 22, 2014, and that a work order to fix his plumbing was submitted on May 27, 2014. (R. 7, Ex. B, Pl.'s Resp. at 13.) During this period, Williams could not "wash up" or "brush his teeth" in his cell. (R. 22, Pl.'s Reply at 7.) He received one meal in the morning with milk, but was given no liquids with lunch or dinner. (*Id.*) According to Williams, he "was not allowed water in [his] cell" for any reason, not even to "hydrate" or to take his "prescribed medication." (*Id.*) These conditions persisted for sixteen days until water was restored to Williams' cell on June 1, 2014. (R. 9, Compl.)

## LEGAL STANDARD

Williams' claim has already been screened under Section 1915A in the same manner as the Court now reviews the Complaint for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Booker-El v. Superintendent, Indiana State Prison*, 668 F.3d 896, 899 (7th Cir. 2012). Under federal pleading standards, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion "challenges the

3

viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). In deciding a motion under Rule 12(b)(6), the court views the complaint in the light most favorable to the non-movant, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the non-movant's favor. *Vesely v. Armslist L.L.C.*, 762 F.3d 661, 664 (7th Cir. 2014).

Applying this standard, a claim survives a Rule 12(b)(6) challenge when it "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard does not require detailed factual allegations, but "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). And while "abstract recitations of the elements of a cause of action" do not satisfy Rule 8(a)(2), *see Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), the Court must "construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers," *See Arnett*, 658 F.3d at 751 (citation omitted).

## DISCUSSION

The Eighth Amendment protects incarcerated individuals from prison conditions that constitute "the unnecessary and wanton infliction of pain."[3] *Hudson v. McMillian*, 501 U.S. 1, 5 (1992). To this end, the Constitution entitles incarcerated persons to confinement under humane conditions that provide for their basic human needs. *See Childress v. Walker*, 787 F.3d 433, 438-39 (7th Cir. 2015). Accordingly, a jail official's deliberate indifference to conditions of confinement that deprive a detainee of "the minimal civilized measure of life's necessities" violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1970).

In evaluating a conditions-of-confinement claim, the Court conducts both an objective and subjective inquiry. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012). Here, for purposes of a Rule 12(b)(6) motion, Williams must plausibly allege that 1) his confinement conditions were objectively serious as to deprive him of "the minimal civilized measure of life's necessities;" and 2) Defendants' acts or omissions in response to those conditions coincided with "a sufficiently culpable state of mind." *See Wilson v. Seiter*, 501 U.S. 294, 297, 304 (1991); *accord Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014).

To meet the objective prong, Williams must allege a "totality of the conditions of [] confinement" that resulted in an extreme deprivation "of life's necessities." *See*

---

[3] In the present case, although Williams was a pre-trial detainee at the CCJ and thus protected by the Fourteenth Amendment's Due Process Clause, essentially the same Eighth Amendment analysis applies to his conditions of confinement claim. *See Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013) (noting that a detainee's deliberate indifference claim is "governed by the same standards as a claim for violation of the Eighth Amendment's prohibition against cruel and unusual punishment").

*Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013), *Farmer*, 511 U.S. at 834. The Court views "the cumulative impact" of the alleged confinement conditions to determine its impact on the inmate's "physical, mental, and emotional health and well-being[.]" *Rhodes v. Chapman*, 452 U.S. 337, 363 (1981). Of course, ordinary discomfort does not trigger the Eighth Amendment; hardship is "part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347 (citation omitted); *see also Isby v. Clark*, 100 F.3d 502, 505 (7th Cir. 1996) ("Prisons, of course, are not Hilton hotels."). But while "[t]he Constitution does not mandate comfortable prisons . . . neither does it permit inhumane ones." *Farmer*, 511 U.S. at 833 (internal quotations marks and citation omitted). Applying the appropriate standard requires the Court to scrutinize prison conditions in the context of the "evolving standards of decency that mark the progress of a maturing society." *Rhodes*, 452 U.S. at 346.

Defendants first argue that the "lack of running water" in Williams' cell was not objectively serious so as to deprive Williams of a "basic human need" and violate the Eighth Amendment. (*See* R.16, Def.'s Mot. at 5.) Indeed, "[n]othing in the Constitution requires that each prisoner be provided with clean, cold, warm, or any other form of running water in his cell[.]" *Jelinek v. Roth*, No. 93-3316, 1994 WL 447266, at *2 (7th Cir. Aug. 19, 1994). However, courts in the Seventh Circuit have held that inmates are entitled to drinking water; after all, "[w]ater is, undoubtedly, a necessity of life." *Dillard v. Washington*, No. 96 C 698, 1998 WL 142360, at *3

(N.D. Ill. Mar. 20, 1998); *see also Davis v. Biller*, No. 00 C 50261, 2003 WL 22764872, at *2 (N.D. Ill. Nov. 18, 2003) (holding inmates have a basic right to adequate drinking water).

Consequently, a lack of running water in an inmate's cell is not a constitutional violation where the inmate has access to drinking water in other prison areas. *See Ramirez v. Beatty*, No. 93-2306, 1994 WL 75897, at *3 (7th Cir. March 8, 1994) (holding an inmate's complaint that he was "housed in a cell without running water" did not state an objectively serious deprivation because he "had access to other cells which contained working plumbing"); *Mims v. Hardy*, No. 11 C 6794, 2013 WL 2451149, at *9 (N.D. Ill. June 5, 2013) (holding an inmate's "lack of access to drinking water from the sink in his cell" did not violate the Eighth Amendment because he could "fill his water bottle using a hose," "purchase beverages from the prison commissary," and received "water or some form of beverage three times a day").

Also, a detainee's lack of drinking water may be so temporary that it constitutes only a *de minimis* imposition unworthy of Section 1983 relief. *See Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (holding a disabled inmate's allegations that he was denied assistance in "obtaining drinking water" for "less than two full days" was *de minimis* and did not state a claim for relief); *Easter v. Cooper*, No. 91 C 4530, 1995 WL 109343, at *3 (N.D. Ill. Mar. 10, 1995) (holding no running water for seven days in an inmate's cell constituted an inconvenience but did not

violate the Constitution). In assessing whether an imposition is *de minimis*, the Court must evaluate both its severity and its duration. *See Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

Courts have thus held that an inmate's lack of drinking water may state an objectively unconstitutional condition where the deprivation endures for an extended period. *Compare Jones v. Dart*, No. 14 C 3208, 2015 WL 500532 at *5 (N.D. Ill. Feb. 4, 2015) (holding plaintiff's allegation that "he was confined for 34 days to a cell that had a sink without running water" stated a plausible conditions-of-confinement claim), *with Hoffman v. Hertz*, No. 3:15 CV 00289, 2015 WL 2407274, at *1-2 (N.D. Ill. May 19, 2015) (holding a detainee's allegations that jail officers denied plaintiff "drinking water" and "running water" in his cell for three days were "enough to put forth sufficiently serious conditions, at least for purposes of initial review").

In the instant case, Williams' claim satisfies the objective prong of an unconstitutional conditions-of-confinement claim. (*See* R. 9, Compl.) While Defendants are correct that broken plumbing in an inmate's cell is not a constitutional violation *per se*, "[a] condition which might not ordinarily violate the Eighth Amendment may nonetheless do so if it persists over an extended period of time." *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Moreover, construing the pleadings liberally, as the Court must do with *pro se* plaintiffs, the allegations that Williams could not "hydrate" or take "prescribed medication" without water in his cell for over two weeks sufficiently pleads an unconstitutional condition of

confinement. (*See* R. 22, Pl's Reply at 7.) Ultimately, Defendants may prove that Williams had alternative access to drinking water from the "day room," (*See* Def.'s Mot. at 6), but Williams' allegation that he was without drinking water for twenty-one hours a day must be accepted as true at this stage of the proceedings. *Bell Atlantic Corp.*, 550 U.S. at 555-56. Thus, Williams plausibly alleges an objectively serious deprivation under the Eighth Amendment.

Defendants next argue that Williams "fails to address how any of the Defendants, with the exception of Collins," acted with deliberate indifference to his "request[s] for water." (*See* R. 25, Def.'s Resp. at 2.) In Defendants' view, the pleadings are deficient because Williams does not mention any officer other than Collins "by name," or allege more than "Defendants were told there was no running water" inside his cell at "some time." (*Id.*) Accordingly, Defendants ask this Court to dismiss Williams' claim with prejudice. (*Id.* at 3.)

To survive a motion to dismiss, Williams must plead enough detail to "allow [] the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Under Section 1983, a prison officer cannot incur liability unless that officer "caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Thus, to meet the subjective prong of a deliberate-indifference claim, Williams must allege that each defendant "acted with knowledge that [Williams] faced a substantial

risk of serious harm" from a lack of drinking water, and "disregarded that risk by failing to take reasonable measures to abate it." *Farmer*, U.S. at 847.

Applying *Farmer*, the U.S. Court of Appeals for the Seventh Circuit has recognized that "deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates . . . or 'turn[s] a blind eye to it.'" *Vance*, 97 F.3d at 992-93 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Under some circumstances, knowledge of an inmate's unconstitutional conditions may "require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Vance*, 97 F.3d at 993. A prison official's failure to act in such circumstances suggests that the official actually wants the prisoner to suffer harm. *See Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

On a Rule 12(b)(6) motion, well-pleaded allegations that a prison official ignored unconstitutional conditions of confinement despite an inmate's repeated requests satisfy the subjective prong for an initial deliberate-indifference analysis. *See Jones*, 2015 WL 500532 at *5; *see also Staggs v. Hollenbeck*, No. 99-301, 2000 WL 1763357, at *3 (7th Cir. Nov. 27, 2000). In *Jones*, a detainee's allegations that he told "'every' correctional officer who worked on Tier 2–E that the sink in his cell did not work" but "nothing was done" were "sufficient to withstand a motion to dismiss" because plaintiff's complaints to the officers "orally and in writing" satisfied "the [Court's] subjective inquiry." *Jones*, 2015 WL 500532 at *5.

In the instant case, Williams verbally informed the "Tier 2B" correctional officers that he had no running water in his cell, that he needed water to "hydrate" and to take "prescribed medication." (*See* R. 22, Pl.'s Reply at 7.) He also properly lists each defendant in his formal complaint form. (*See* R. 9, Compl.) Presuming each defendant is a CCJ officer in Tier 2B, as the Complaint states, then the allegations that they "ignored" or denied Williams' requests for drinking water knowing that his cell's plumbing was broken states a deliberate indifference claim plausible on its face. *See Staggs*, 248 F.3d 1159 at *3 ("[R]equests for relief which fall on deaf ears may evidence deliberate indifference under the Eighth Amendment.").

In addition, Williams' written grievance with the CCJ's Sherriff's Office may have put Defendants on notice of his unconstitutional conditions of confinement.[4] (*See* R. 7, Ex. A, Pl.'s Resp. at 12.) According to Williams, the CCJ's grievance response shows that a work order to fix his plumbing was not submitted until thirteen days after he reported the issue to Defendants. (*See* R. 7, Ex. B, Pl.'s Resp. at 13.) Viewing these facts in the light most favorable to Williams, the Court finds that he sufficiently alleges Defendants' personal involvement for his claim to continue. Therefore, Williams' claims regarding the conditions of his confinement at CCJ survive the Court's review under Rule 12(b)(6).

---

[4] In deciding a motion to dismiss, the Court may consider "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Williams' grievance was referenced in the Complaint and attached thereto, and thus is properly considered in the Court's Rule 12(b)(6) analysis. (*See* R. 9, Compl.)

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [Doc. 18] is denied.

/s/ Charles P. Kocoras
_____
Charles P. Kocoras
United States District Judge

Dated: 7/29/2015